**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOMAR IVORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-3224-JTM |
| | ) |
| (fnu) MURRAY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This matter comes before the Court upon Defendant Murray's Motion for Additional Time to File an Answer Pursuant to Local Rule 6.1 and/or Dispositive Motion Out of Time (ECF No. 26), filed December 7, 2010. For the reasons stated below, the Court grants the instant motion.

The docket in this case reflects that Defendant Murray ("Defendant") was served with the summons and a copy of Plaintiff's Complaint on November 12, 2010.[1] Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendant's answer or other responsive pleading was due 21 days thereafter or by December 3, 2010. Defendant indicates she did not receive the summons and complaint until November 19, 2010 and believed she had 21 days from November 19, 2010 in which to file her answer.[2] In the instant motion, Defendant requests the deadline in which to file her answer or other responsive pleading be extended from December 3, 2010 up to and including December 17, 2010.

"Extensions [of time] will not be granted unless the motion is made before the expiration of

---

[1] ECF No. 25.

[2] It is not clear why Plaintiff did not receive a copy of the Complaint until November 19, 2010 when the Process Receipt and Return (ECF No. 25) indicates service was completed on November 12, 2010.

the specified time, except upon a showing of excusable neglect."[3] The excusable neglect standard is higher than the good cause standard, which is applied when a motion for extension of time is filed before the expiration of the time period at issue.[4]

The excusable neglect standard applies here because Defendant filed the instant motion after her answer or other responsive pleading was due.[5] Courts consider four factors to determine excusable neglect: (1) reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.[6]

The Court finds Defendant has shown excusable neglect. Defendant appears to be acting in good faith and has not intentionally ignored Plaintiff's claims. Defendant's failure to file her answer appears to have been the result of some confusion regarding the date of service, rather than any bad faith. There does not appear to be any prejudice to Plaintiff. The Court has not entered a Scheduling Order in this case, no discovery has been completed, and no other deadlines would be impacted by the late filing. Further, a delay of approximately two weeks would not impact any judicial proceedings.[7] Additionally, it is not clear that the reason for the delay was within Defense counsel's control.

Defendant's counsel indicates he did not contact Plaintiff prior to filing the instant motion

---

[3] D. Kan. R. 6.1(a).

[4] *Sperry v. Werholtz*, No. 04-3125-CM, 2008 WL 941634, at *2 (D. Kan. Apr. 7, 2008).

[5] *See id.* (applying excusable neglect standard when Plaintiff filed a motion to serve discovery out-of-time after the deadline for discovery had passed).

[6] *Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 295 (D. Kan. 2000).

[7] *See Patel v. Reddy*, No. 10-2403-JTM, 2010 WL 4115398, at *1 (D. Kan. Oct. 19, 2010) (indicating that a delay of one month is not a significant delay, would not impact the judicial proceedings, and would not cause any prejudice to plaintiffs).

because Plaintiff is *pro se* and currently incarcerated at the El Dorado Correctional Facility. Counsel is not excused from complying with D. Kan. R. 6.1(a) just because Plaintiff is incarcerated. There are a variety of ways in which to communicate with inmates at the El Dorado Correctional Facility, including setting up a telephone call through the inmate's unit manager. In the future, counsel shall comply with D. Kan. R. 6.1(a) before filing any motions for extension of time.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Murray's Motion for Additional Time to File an Answer Pursuant to Local Rule 6.1 and/or Dispositive Motion Out of Time (ECF No. 26) is hereby granted.

**IT IS FURTHER ORDERED** that Defendant shall file her answer or other responsive pleading by December 17, 2010.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2010 at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge