IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Jomar Ivory,

    Plaintiff,

    vs.          Case No. 09-3224-JTM

Michela Murray,

    Defendant.

MEMORANDUM AND ORDER

  Two motions are before the court in this action by Kansas penitentiary inmate Jomar Ivory, who alleges that the defendant Michela Murray, a correctional officer, conspired with inmates to commit an assault against him. First, the State of Kansas has moved to dismiss any official capacity claims, on the grounds that such claims advanced against Murray are essentially actions against the State of Kansas, and hence precluded by the Eleventh Amendment. (Dkt. 14). Second, Murray has moved to dismiss the remaining claims against her, arguing that (a) Ivory has failed to adequately state a claim for conspiracy, and (b) he failed to exhaust his administrative remedies. Ivory has filed no response to the first motion, which is hereby granted both for good cause shown and pursuant to D.Kan.R. 7.4, but contests the dismissal of the conspiracy claim.

  Ivory is an inmate of Kansas Lansing Correctional Facility (LCF). The essence of his claim is that, shortly after he filed a grievance against Murray, she retaliated against him by arranging or

allowing other inmates to physically attack him. As both parties note in connection with their arguments, Judge Crow previously addressed the case in an Order allowing the action to proceed, summarized the plaintiff's allegations as follows:

> On March 18, 2008, while confined at LCF, [Ivory] filed a grievance claiming defendant Correctional Officer Murray was harassing him. On March 19, he was moved to D cellhouse, which was Murray's "assigned post". Defendant Parks spoke to plaintiff in an attempt to resolve the grievance, but plaintiff was not satisfied and his grievance was forwarded to Warden [David] McKune. On that day, Murray threatened plaintiff for filing the grievance. On March 20, Murray searched plaintiff's cell, found "some miscellaneous items", and wrote four disciplinary reports against plaintiff. Plaintiff believes Murray was retaliating for his having written the grievance. On March 24, plaintiff "filed an emergency grievance against" Murray because another inmate overheard her say she was "going to get Ivory for putting that grievance on (her);" however he does not exhibit this grievance. On April 2, plaintiff was moved to a cell right next to the "Officer lock box." While plaintiff was looking out the cell bars awaiting lunch, he "observed CO Murray turn the video camera in the Officer's station." She then opened his cell door, and as he "stepped out on the tier" he was attacked and assaulted by two inmates and stabbed ten times. He claims defendant Murray moved the video camera so "it could not record the immediate area where the incident occurred", and "stood by and watched the attack." He ran back into his cell. A "signal 30" was called, and the response team "responded to the incident." Plaintiff was taken to the clinic and the Investigation and Intelligence unit photographed his stab wounds. He had wounds to his chest, back, shoulders, sides, and one above his left eye. He also "suffered a migraine headache."

(Dkt. 5, at 1-2). Ultimately, Judge Crow dismissed Ivory's claims against other correctional officers, finding that he had not sufficiently alleged any misconduct on their part, having failed to show that these defendants were aware of any danger to Ivory. (Id. at 12-13). He also found an absence of evidence that Murray and the other defendants participated in a conspiracy to deprive Ivory of his rights, and stated the conspiracy claims would be dismissed in the absence of additional evidence:

> For reasons previously stated herein, the court finds that none of plaintiff's allegations or exhibits implicate any defendant other than Murray in a conspiracy to assault plaintiff. Unless Mr. Ivory provides sufficient additional facts describing an actual agreement and concerted actions by each of the defendants, his claims of a conspiracy will be dismissed.

(Id. at 13).

On May 25, 2010, after Ivory failed to supply such evidence, Judge Crow dismissed all claims against defendants other than Murray, and all claims that Murray conspired with those defendants. (Dkt. 6, at 2). The court then directed the completion of a Martinez report as to the remaining claims, that Murray violated Ivory's rights when she allegedly "harassed him, retaliated against him when he filed grievances against her, threatened him, conspired with inmates to cause and facilitate a physical attack upon him, and failed to intervene." (*Id.*). *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).[1] The matter was then allowed to proceed without the payment of fees by Ivory.

In her current motion, Murray argues that the conspiracy claim cannot survive because Ivory does not allege
> with specificity that Defendant Murray and inmates entered into an agreement to attack him. Plaintiff simply stated that Defendant Murray conspired with two inmates to set Plaintiff up to get stabbed. Plaintiff gives no indication if the two inmates initiated the attack or if the inmates, together with Defendant Murray, set Plaintiff up to be attacked by other inmates. Plaintiff additionally refused to name any individual involved in the actual attack.

(Dkt. 32, at 4).

The court will deny Murray's motion to dismiss the conspiracy claim, and agrees with Judge Crow's determination that the facts, as alleged by Ivory, are sufficient to withstand a motion to dismiss. After recounting Ivory's allegations, specifically including the claim of conspiracy, he concluded that "the factual allegations in the complaint against defendant Murray are sufficient to meet the notice pleading requirements under § 1983," although he naturally added that these are

---

[1]Following Judge Crow's Order of May 25, 2010, the United States Magistrate Judge granted Ivory's motion for appointment of counsel. (Dkt. 18). In addition, the matter was transferred to the undersigned for all further proceedings. (Dkt. 10).

mere allegations, and "[o]f course, plaintiff will be required to prove these allegations, if this matter proceeds to trial." (Dkt. 5, at 8).

Although the plaintiff's allegations may not identify every specific person involved in the assault, his claims are sufficiently definite to permit a fact-finder to find facts "tending to show agreement and concerted action." *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). In the present case, the allegations include the specific time sequence in which the alleged retaliation and assault occurred, and the means by which Murray allegedly allowed two inmates to attack the plaintiff. The Complaint alleges that Murray assisted in the assault by moving security cameras and opening his cell door minutes before the assault, The court finds that the plaintiff has satisfied his burden of alleging the existence of a conspiracy under § 1983.

Murray next argues that the claims against her should be dismissed because Ivory failed to exhaust his administrative remedies. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). Murray argues that Ivory failed to exhaust his administrative remedies because he never actually complained about the actual assault until eight months later, when he filed a separate grievance on November 27, 2008. That grievance, she argues, was untimely under K.A.R. 44-15-1019b), as prison regulations require grievances to be submitted within fifteen days.

The court finds that Murray's argument is without merit. While a separate grievance was not filed until November, his original grievance — which was filed prior to the assault — included a specific warning of the existence of such an event. In that grievance, filed March 18, 2008, Ivory complained of Murray's behavior but also stated that "I truly believe that if I some how get moved to her walk, I believe that I would be in a situation where I may be set up or targeted..." The assault

4

occurred shortly afterwards, on April 2, 2008. Two days afterwards, Ivory referenced the assault when he filed an Appeal of Grievance to the Secretary of Corrections which mentions the assault.

It is true, as Murray argues, that the Appeal of Grievance does not explicitly mention any *conspiracy* in the assault, and that Ivory lodged no specific grievance as to the assault until much later, (Dkt. 32, at 7), but the issue before the court is whether the plaintiff presented prison officials with facts in a timely fashion, giving them a fair chance to resolve his problems prior to litigation. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006) (inmate obliged to give the authorities "a fair opportunity to consider the grievance"). Here, the facts submitted in the March grievance, coupled with that appeal filed two days after the fact, substantially complied with prison regulations and plaintiff's obligation to given authorities the chance to investigate his claims.

IT IS ACCORDINGLY ORDERED this 21st day of March, 2011, that the defendant State of Kansas' Motion to Dismiss (Dkt. 14) is hereby granted; that of the defendant Murray (Dkt. 31) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE